UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---

RICHARD A. BONAPARTE and
MARLA M. BONAPARTE,

                              Plaintiffs,              6:05-CV-0049
   v.                                                      (NAM/GJD)

GOVERNOR GEORGE PATAKI; SHARON E.
CARPINELLO, Active Commissioner; SARA F. RUDES,
Executive Director; PEOPLE OF THE STATE OF NEW
YORK; KATHLEEN DYLIS; JANET MORRIS;
RONALD RASHFORD; MARIANNE SYKES;
and IDZI LOLA, N.P.,
                              Defendants.
---

APPEARANCES:

RICHARD A. BONAPARTE
MARLA M. BONAPARTE
Plaintiffs *pro se*

NORMAN A. MORDUE, CHIEF DISTRICT JUDGE

## MEMORANDUM-DECISION and ORDER

**I.**    **Proceedings to Date**

By their original complaint in this action, *pro se* plaintiffs Richard A. Bonaparte and Marla M. Bonaparte appeared to assert claims arising out of the mental health care they have received at Mohawk Valley Psychiatric Center ("MVPC") for many years. *See* Dkt. No. 1 at 3. Plaintiffs also complained generally about the adequacy of mental health care services in New York state, and sought relief from this Court related to the level of state funding for those services. *Id.* at 4-5, 7. Plaintiffs named Governor George Pataki and several officials in the state Office of Mental Health, as well as employees of MVPC, as defendants.

By Decision and Order filed March 22, 2005, plaintiffs' complaint was dismissed for failure to state a claim upon which relief could be granted against the named defendants and because the

complaint, as drafted, did not comply with the pleading requirements of the Federal Rules of Civil Procedure. Dkt. No. 5 at 4 (the "March Order").[1] In light of their *pro se* status, plaintiffs were afforded the opportunity to file an amended complaint which complies fully with the pleading requirements of Rules 8 and 10 and the terms of the March Order if they wished to avoid dismissal of this action. *Id.*

Plaintiffs did not timely file an amended complaint as directed by the March Order but, rather, appealed the Court's decision to the United States Court of Appeals for the Second Circuit. Dkt. No. 9. By Mandate filed in this Court on March 1, 2006, the Second Circuit dismissed plaintiffs' appeal for lack of jurisdiction. Dkt. No. 17.

Plaintiffs' amended complaint and renewed motion for the appointment of counsel are now before this Court for consideration. Dkt. Nos. 14, 16.

## II.   Discussion

By their amended complaint, plaintiffs appear to claim that they were subjected to discriminatory treatment as tenants in an apartment building owned by defendant Peggy Hess. *See* Dkt. No. 14 at 2.[2] The facts relied upon by plaintiffs in support of this claim are not set forth in the amended complaint. However, it appears from certain of the exhibits attached to the amended complaint that plaintiffs filed a charge of housing discrimination with the New York State Division of Human Rights, which denied the charge following its investigation thereof.[3] On the basis of that determination, the

---

[1] The March Order found that plaintiffs' complaint failed to satisfy the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure because, *inter alia*, the complaint was rambling and disjointed and did not set forth facts regarding the nature of the alleged discriminatory conduct sufficient to permit the Court to determine the sufficiency of their claims. Dkt. No. 5 at 3-6.

[2] Hess was not named as a defendant in plaintiffs' original complaint.

[3] Plaintiffs have attached approximately seventy (70) pages of exhibits to the four page amended complaint, none of which are referenced in the pleading. In addition to documents

U.S. Department of Housing and Urban Development also denied plaintiffs' charge.

Plaintiffs were clearly advised in the March Order that their amended complaint would replace and supersede the original complaint in its entirety. Plaintiffs were, in addition, specifically directed to file a complete pleading which names every individual against who they seek to assert claims in this action, and sets forth all of their claims. Dkt. No. 5 at 6.

Apart from Governor Pataki, the individuals named as defendants in the original complaint are not named in the amended complaint, nor have plaintiffs set forth in their amended complaint the claims relating to their mental health care which formed the basis of the original complaint. Accordingly, Sharon E. Carpinello, Sara F. Rudes, Kathleen Dylis, Janet Morris, Ronald Rashford, Marianne Sykes and Idzi Lola, are hereby dismissed as defendants in this action. In addition, because plaintiffs' amended complaint does not set forth facts sufficient to state a claim against Governor Pataki for the violation of their statutory or constitutional rights, he is also dismissed as a defendant in this action.

Named as defendants in the amended complaint (in addition to Hess), are employees of the New York State Division of Human Rights and the U.S. Department of Housing and Urban Development. As best the Court can determine, these individuals were involved in the administrative investigations and/or determinations of plaintiffs' fair housing charge. The amended complaint does not set any allegations of misconduct or wrongdoing by these individuals which might form the basis of an action against them for the violation of plaintiffs' statutory or constitutional rights, and the amended complaint therefore fails to state a claim against these individuals upon which relief may be granted.

As to plaintiffs' claim that they were discriminated against on the basis of their disabilities in

---

relating to plaintiffs' complaint under the Fair Housing Act, plaintiffs have attached numerous pages of handwritten notes, medical records, and records from state and local court proceedings.

3

connection with housing, section 813(c) of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, was amended in 1988 to include a private right of action for the redress of such claims. 42 U.S.C. § 3613(a).[4] Should plaintiffs seeks to assert a discriminatory housing practice claim against defendant Hess, they must file a second amended complaint **within thirty (30) days** of the filing date of this Memorandum-Decision and Order. The amended complaint must set forth a short and plain statement of their claim against Hess. **No other defendants shall be named in the second amended complaint**. While plaintiffs may attach exhibits relating directly to their fair housing complaint to the amended complaint, they must set forth in the body of their complaint a statement of the facts upon which they rely in support of their claim.

Because this action may not proceed on the basis of the amended complaint filed by plaintiffs, their renewed request for the appointment of counsel (Dkt. No. 16) must also be denied. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).

## III.    Conclusion

For the reasons set forth above, the Court finds that the amended complaint filed by plaintiffs (Dkt. No. 14) fails to comply with the March Order and the Court orders that the amended complaint be stricken from the Court's docket. Plaintiffs are hereby afforded a second opportunity to file an amended complaint setting forth their claim which fully complies with the terms of this Order and the terms of the March Order. The amended complaint **shall be signed by plaintiffs** and shall be filed **within thirty (30) days** of the date of the filing of this Order. <u>**The Court will not afford plaintiffs a**</u>

---

[4] The statute does not require the exhaustion of administrative remedies although, as noted above, plaintiffs pursued their claims before the appropriate state and federal agencies. Claims under the Fair Housing Act must be filed within two years after the occurrence or termination of the alleged housing discriminatory practice. 42 U.S.C. § 3613(a)(1)(A).

**third opportunity to file an amended pleading**; plaintiffs' failure to comply with this Order and the March Order in the drafting of the second amended complaint will result in dismissal of this action.

WHEREFORE, in light of the foregoing, it is hereby

ORDERED, that the Clerk strike plaintiffs' amended pleading (Dkt. No. 14) from the docket of this action, and it is further

ORDERED, that plaintiffs file a single amended complaint which fully complies with the terms of this Order and the March Order **within thirty (30) days** of the date of the filing of this Order, and it is further

ORDERED, that Sharon E. Carpinello, Sara F. Rudes, Kathleen Dylis, Janet Morris, Ronald Rashford, Marianne Sykes, Idzi Lola, and Governor George Pataki are hereby dismissed as defendants in this action, and it is further

ORDERED, that plaintiff's renewed request for the appointment of counsel (Dkt. No. 16) is denied, and it is further

ORDERED, that upon the timely filing of a second amended complaint, the file be returned to the Court for further review, and it is further

ORDERED, that if plaintiffs fail to timely file a second amended complaint, the Clerk enter judgment dismissing this action without further order of this Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiffs by regular mail.

IT IS SO ORDERED.

Dated: June 20, 2006
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge